UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND - ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Petitioner,<br><br>v.<br><br>$68,950.00, MORE OR LESS,<br>IN UNITED STATES CURRENCY,<br>Respondents. | §§§§§§§§§ | CIVIL ACTION NO.   MO-24-CV-166 |

**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES Petitioner United States, by and through the United States Attorney for the Western District of Texas, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

### I.   NATURE OF THE ACTION

1. This action is brought by the United States seeking forfeiture to the United States of the following property: $68,950.00, More or Less, in United States Currency, (hereinafter "Respondent Property").

### II.   POTENTIAL CLAIMANTS

2. On April 22, 2024, the Drug Enforcement Administration (DEA) received a timely filed claim for the Respondent Property from L. Shane Stokes, Attorney representing Gilberto Daniel Tapia-Lopez's estate.

### III.   STATUTORY BASIS FOR FORFEITURE

3. This is a civil forfeiture action *in rem* brought against the Respondent Property for violation of 21 U.S.C. §§ 801 *et seq.* and subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881 (a)(6), which states:

**§ 881. Forfeitures**
  **(a) Subject property**
    The following shall be subject to forfeiture to the United States and no property right shall exist in them:
    …

  **(6)** All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## IV. JURISDICTION AND VENUE

4. Under 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under 28 U.S.C. § 1355(a), the Court has jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Property under 28 U.S.C. §§ 1355(b) and 1395.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(I), because the acts or omissions giving rise to the forfeiture occurred in this District and because the Respondent Property was found in this District. *See also* 28 U.S.C. § 1395(b).

6. The Respondent Property was seized in Midland, Texas, located in the Western District of Texas, on October 17, 2021, by the Drug Enforcement Administration (DEA) and the Midland County Sheriff's Office (MCSO). The Respondent Property was transferred to the custody of the United States Marshals Service, within the jurisdiction of the United States District Court, Western District of Texas, and shall remain within the jurisdiction of the court pending litigation of this case.

## V. FACTS IN SUPPORT OF FORFEITURE

7. Gilberto Daniel Tapia-Lopez, (Tapia-Lopez); Kevin Alexis Martinez, (Martinez); and Walter Guillermo Ayala, (Ayala), were multi-kilogram quantity cocaine dealers operating in Midland, Texas.

8. DEA previously investigated Tapia-Lopez for trafficking narcotics in 2018, and he was arrested for possessing cocaine in 2016 by the Odessa Police Department.

9. On October 17, 2021, DEA Special Agents and Task Force Officers responded to the scene of a triple homicide at 1211 East County Road 124, Midland, Texas 79706, following a request for assistance by MCSO .Tapia-Lopez, Ayala, and James Matthew Davidson (Davidson) were found deceased at the scene.

10. The Midland County District Attorney's office has charged Martinez for capital murder, case CR573 19.

11. DEA and MCSO obtained a search warrant for the residence at 1211 East County Road 124, Midland, Texas, for narcotics and contraband.

12. While the house was in Tapia-Lopez's name, Ayala had paid for it and placed it into Tapia-Lopez's name.

13. During the search of the residence, law enforcement officers found cocaine throughout the residence.

14. Law enforcement also located and seized US Currency (later determined to be the Respondent $68,950.00) from a backpack located in the master bedroom-identified as Ayala's bedroom,-which was on top of an armoire next to the bed and located near a cache of cocaine.

15. During the search of the master suite, law enforcement officers seized approximately 17 kilograms of cocaine from Ayala's master bedroom, and approximately 866.6

gross grams of cocaine from his master bathroom. Presumptive field tests conducted on the suspected cocaine revealed positive results for cocaine.

16. Law enforcement officers located additional quantities of suspected cocaine throughout the residence including approximately 31.5 gross grams of suspected cocaine in a bedroom belonging to Tapia-Lopez.

17. Based on the foregoing facts, it is reasonable to believe that the Respondent Property is subject to forfeiture given DEA's criminal in\;'estigation into Ayala and Tapia-Lopez's multi-kilogram cocaine Drug Trafficking Organization (OTO).

18. Based on these facts, it is reasonable to believe that the Respondent Property constitutes property involved in or intended to be involved in narcotics trafficking. The currency is traceable to such property or facilitated narcotics trafficking. Therefore, the Respondent Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) for the knowing violation of 21 U.S.C. §§ 801, *et seq.*

19. Moreover, based on the foregoing facts the Respondent Propelty is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as the Respondent Property was property used or intended to be used to facilitate unlawful drug crimes both in violation of 21 U.S.C. §§ 801, *et seq.*

## VI.   PRAYER

WHEREFORE, Petitioner United States prays that due process issue to enforce the forfeiture of the Respondent Property, that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] that a warrant

---

[1] Appendix A, which is the Notice of Complaint of Forfeiture, and which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Property.

for an arrest in rem be ordered, that the Respondent Property be forfeited to the United States, that the Respondent Property be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

          Respectfully submitted,

          JAIME ESPARZA
          UNITED STATES ATTORNEY

By: *Mark Tindall*

          MARK TINDALL
          Assistant United States Attorney
          Texas Bar #24071364
          903 San Jacinto Blvd., Suite 334
          Austin, Texas 78701
          Tel: (512) 916-5858
          Fax: (512) 916-5854
          Email: mark.tindall(a),usdoj.gov

## VERIFICATION

Special Agent Darrick O. Bridger declares and says that:

1. I am a Special Agent with the Drug Enforcement Administration DEA assigned to the El Paso Resident Office, and am the investigator responsible for the accuracy of the information provided in this litigation.

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this -£- day of July, 2024.

Darrick O. Bridger, Special Agent
Drug Enforcement Administration
Midland Resident Office